### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**CRAIG M. BRYANT,**

**Plaintiff,**

v.                                              CASE NO.  24-3055-JWL

**WICHITA POLICE DEPARTMENT,**
**et al.,**

**Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Craig M. Bryant is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Ellsworth Correctional Facility in Ellsworth, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff's claims relate to the evidence used in his state criminal prosecution, and more specifically, to his personal interviews given to law enforcement. He references a tape-recorded interview he gave to Detective Paul O'Mara and Special Agent Charles Pritchett on or about April 1, 1998, and a written interview conducted with O'Mara and Randy Ewy on or about April 8, 1998.  (Doc. 1, at 9.)  Plaintiff alleges that Defendants "withheld exculpatory discovery evidence" during Plaintiff's trial in his 1994 and 1999 criminal cases.  *Id*. at 1, 3.  Plaintiff appears to be seeking discovery and alleges that he is entitled to all of the unredacted interview transcripts from his police interviews relating to his state criminal proceedings. *Id*. at 2–3.

1

Plaintiff claims that Defendants did not provide all of the unredacted discovery of his interviews in his criminal case, and only provided a redacted version. *Id*. at 3–4. Plaintiff alleges that Defendants "picked and redacted" the relevant parts of the interviews to make their case, and did not give Plaintiff the complete, unredacted version of his interviews. *Id*.

Plaintiff alleges that his motion for discovery in his state post-conviction proceedings was denied based on the State's argument that K.S.A. 22-3212 and K.S.A. 22-3213 do not apply to post-conviction matters. *Id*. at 6. Plaintiff acknowledges that the statutes do not apply, but argues that he can still rely on the due process clause to request evidence "that might be material to the Plaintiff's innocence." *Id*. at 7 (stating that "the District Court's finding that K.S.A. 22-3212 and 22-3213 do not apply to post-conviction matters was correct"); *id*. at 16 (stating that "Plaintiff states that the statutes do not apply to post-conviction discovery").

Plaintiff claims that the unredacted evidence will prove that "Brady/Giglio material existed to show exceptional circumstances of an [sic] manifest injustice respectively under a colorable claim of actual innocence of the Plaintiff's actual and factual [ ] truth and facts to a fair and [sic] trial pertaining to the Plaintiff's illegal conviction." *Id*. at 4–5. He asks this Court to order the Defendants "to release all of the unredacted interviews and unredacted taped recording interviews and field notes that the Plaintiff made to all of the defendants." *Id*. at 13.

Plaintiff names as defendants: the Wichita Police Department; the State of Kansas; Paul O'Mara, FBI Task Force Detective; Charles Pritchett, FBI Task Force Special Agent; Randy Ewy, FBI Task Force Special Agent; and Marc Bennett, Sedgwick County District Attorney.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant

did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Order for Discovery

Plaintiff asks this Court to order Defendants to provide unredacted evidence of the 1998 police interviews used in his state criminal cases.  The plaintiff in *Chavez v. Schwartz*, made a similar claim in his § 1983 action against the state-court judge and deputy clerk of the state supreme court. *See Chavez v. Schwartz*, 457 F. App'x 752 (10th Cir. 2012) (unpublished).  Mr.

Chavez claimed "that the two named defendants were liable under § 1983 for violating his due process rights when they denied his requests for a copy of his transcript and other court records." *Id*. at 754.  The Tenth Circuit noted that Chavez's "complaint sought relief in the form of an order directing the two named defendants to take certain official actions, a remedy that federal courts clearly lack the authority to enter." *Id*. at 754–55 (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (holding that federal courts lack the "authority to issue . . . a writ to direct state courts or their judicial officers in the performance of their duties") (internal quotation marks omitted)).

The federal mandamus statute, 28 U.S.C. § 1361, grants the federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  However, a suit seeking mandamus relief under this provision must name a federal officer or employee as a respondent.  *See Rivers v. King*, 23 F. App'x 905, 908 n.4 (10th Cir. 2001) ("[T]his court has no jurisdiction to mandamus state officials because the statutory power to grant such writs is provided only against federal officials."); *see also Amisub (PSL), Inc. v. Colo. Dept. of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361."); *see also Austin v. Dist. Attorney's Office of Northampton Cty.*, 2022 WL 1774129, at *3 (E.D. Pa. 2022) (finding "request for relief that would essentially reopen and redo his closed state criminal proceedings does not seek relief 'in aid of' the Court's jurisdiction") (citation omitted).  Plaintiff has not provided any legal authority under which the Court could award the relief he seeks.

### 2.  Habeas Nature of Claim

Plaintiff is also prohibited from seeking relief in this § 1983 action that would entitle him

to an immediate or speedier release. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). "*Preiser* forecloses [a plaintiff's] § 1983 claims seeking an injunction ordering his release from prison and a declaratory judgment that his convictions were nullities." *Loggins v. Pilshaw*, 838 F. App'x 323, 327 (10th Cir. 2020) (unpublished) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81, (2005); *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994)). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994). Therefore, any claim challenging his state conviction and sentence is not cognizable in a § 1983 action.

Plaintiff previously brought a habeas action in this Court under 28 U.S.C. § 2254. *See Bryant v. State of Kansas*, Case No. 06-3331-SAC (D. Kan.). Plaintiff sought habeas corpus relief based on alleged constitutional errors in his Kansas conviction on three charges of first-degree murder. *See id*. at Doc. 2. The Court found that Plaintiff's "2000 convictions became final, for the purpose of starting the one year limitations period pursuant to § 2244(d)(1)(A), in June 2002 upon expiration of the time for seeking certiorari review by the United States Supreme Court." *Id*. at Doc. 2, at 2. The Petition was dismissed as untimely on January 9, 2007. *Id*. at Doc. 4. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall

move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

### 3. Damages

Any damages claim made by Plaintiff would be barred by *Heck*. *See Loggins*, 838 F. App'x at 327 (finding that while not every defendant in the case was immune from liability, *Heck* adds an element to the claim that applies to all defendants")[1]. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Heck*, 512 U.S. at 486–87. In *Heck*, the state prisoner claimed that two prosecutors and an investigator engaged in an unlawful investigation and knowingly destroyed evidence that could have proven his innocence. The United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. Plaintiff has not alleged that his conviction or sentence has been invalidated.

Plaintiff claims that exculpatory discovery evidence was withheld in his criminal proceedings. (Doc. 1, at 2.) "[A] *Brady* claim, when successful postconviction, necessarily

---

[1] Plaintiff names the State of Kansas and the District Attorney as defendants. The State of Kansas enjoys Eleventh Amendment immunity and the prosecutor enjoys prosecutorial immunity. Plaintiff also names the Wichita Police Department as a defendant. This Court has held that municipal police departments are subunits of city government and not legal entities subject to suit. *Roberts v. Unknown Wichita Police Officers*, 2019 WL 1790050, at *2 (D. Kan. April 24, 2019) (citing *Schwab v. Kansas*, 2017 WL 2831508, at *13 (D. Kan. June 30, 2017) (dismissing Riley County Police Department); *Neighbors v. Lawrence Police Dep't*, 2016 WL 3685355, at *6 (D. Kan. July 12, 2016); *Ward v. Lenexa, Kansas Police Dep't*, 2014 WL 1775612, at *4 (D. Kan. May 5, 2014)); *see also Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("City of Denver Police Department" not "separate suable entity").

yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guild or punishment." *Skinner v. Switzer*, 562 U.S. 521, 536 (2011) (citing *Strickler v. Greene*, 527 U.S. 263, 296 (1999)); *see also Woodward v. Hodge*, 2016 WL 4528068, at *3 (D. Kan. 2016).

## IV.  Motion to Cease Payments

Plaintiff has filed a "Motion Requesting for Plaintiff to Cease Proceeding In Forma Pauperis Payments" (Doc. 6).  Plaintiff asks the Court to stop taking installment payments from his prisoner account.  (Doc. 6, at 1–2.)  Plaintiff claims that he paid the filing fee in full on June 5, 2024, and has now overpaid.  *Id*. at 2.

When the Court granted Plaintiff leave to proceed in forma pauperis, it advised Plaintiff that "Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of plaintiff shall forward payments from plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2)."  (Doc. 5.)  The Court received Plaintiff's initial partial filing fee in the amount of $10.50 on May 29, 2024.  As of June 25, 2024, Plaintiff has submitted $51.65 toward his filing fee, leaving a remaining balance of $298.35.  The JIFMS Primary Criminal/Civil Account Header for this case is attached.  Plaintiff remains obligated to pay the remainder of the filing fee in installments under 28 U.S.C. § 1915(b)(2).  Plaintiff's motion is denied.

## V.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion Requesting for Plaintiff to Cease Proceeding In Forma Pauperis Payments (Doc. 6) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 26, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated June 27, 2024, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**