IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CRAIG M. BRYANT,**

    **Plaintiff,**

    v.                                    CASE NO. 24-3055-JWL

**WICHITA POLICE DEPARTMENT,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Ellsworth Correctional Facility in Ellsworth, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On June 27, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 10).

Plaintiff's claims relate to the evidence used in his state criminal prosecution, and more specifically, to his personal interviews given to law enforcement. He references a tape-recorded interview he gave to Detective Paul O'Mara and Special Agent Charles Pritchett on or about April 1, 1998, and a written interview conducted with O'Mara and Randy Ewy on or about April 8, 1998. (Doc. 1, at 9.) Plaintiff alleges that Defendants "withheld exculpatory discovery evidence" during Plaintiff's trial in his 1994 and 1999 criminal cases. *Id*. at 1, 3. The Court noted in the MOSC that Plaintiff appears to be seeking discovery and alleges that he is entitled to all of the unredacted interview transcripts from his police interviews relating to his state criminal proceedings. *Id*. at 2–3. Plaintiff claims that Defendants did not provide all of the unredacted

1

discovery of his interviews in his criminal case, and only provided a redacted version. *Id*. at 3–4. Plaintiff alleges that Defendants "picked and redacted" the relevant parts of the interviews to make their case, and did not give Plaintiff the complete, unredacted version of his interviews. *Id*.

Plaintiff alleges that his motion for discovery in his state post-conviction proceedings was denied based on the State's argument that K.S.A. 22-3212 and K.S.A. 22-3213 do not apply to post-conviction matters. *Id*. at 6. Plaintiff acknowledges that the statutes do not apply, but argues that he can still rely on the due process clause to request evidence "that might be material to the Plaintiff's innocence." *Id*. at 7 (stating that "the District Court's finding that K.S.A. 22-3212 and 22-3213 do not apply to post-conviction matters was correct"); *id*. at 16 (stating that "Plaintiff states that the statutes do not apply to post-conviction discovery").

Plaintiff claims that the unredacted evidence will prove that "Brady/Giglio material existed to show exceptional circumstances of an [sic] manifest injustice respectively under a colorable claim of actual innocence of the Plaintiff's actual and factual [ ] truth and facts to a fair and [sic] trial pertaining to the Plaintiff's illegal conviction." *Id*. at 4–5. He asks this Court to order the Defendants "to release all of the unredacted interviews and unredacted taped recording interviews and field notes that the Plaintiff made to all of the defendants." *Id*. at 13.

Plaintiff names as defendants: the Wichita Police Department; the State of Kansas; Paul O'Mara, FBI Task Force Detective; Charles Pritchett, FBI Task Force Special Agent; Randy Ewy, FBI Task Force Special Agent; and Marc Bennett, Sedgwick County District Attorney.

The Court found in the MOSC that Plaintiff's claims were subject to dismissal because he seeks relief that the Court cannot provide; because Plaintiff is prohibited from seeking relief in this § 1983 action that would entitle him to an immediate or speedier release; because he must seek authorization from the Tenth Circuit Court of Appeals before proceeding in a second or

successive application for habeas corpus relief; and because any damages claim made by Plaintiff would be barred by *Heck*.

Plaintiff argues in his response to the MOSC that the Wichita Police Department promised him immunity and stated that he would not be charged in his 1994 case. (Doc. 10, at 2.) Plaintiff also argues that the redacted information "affects the outcome" and shows Plaintiff's innocence. *Id*. at 3.

Plaintiff asks this Court to order Defendants to provide unredacted evidence of the 1998 police interviews used in his state criminal cases. The Court found in the MOSC that the plaintiff in *Chavez v. Schwartz*, made a similar claim in his § 1983 action against the state-court judge and deputy clerk of the state supreme court. *See Chavez v. Schwartz*, 457 F. App'x 752 (10th Cir. 2012) (unpublished). Mr. Chavez claimed "that the two named defendants were liable under § 1983 for violating his due process rights when they denied his requests for a copy of his transcript and other court records." *Id*. at 754. The Tenth Circuit noted that Chavez's "complaint sought relief in the form of an order directing the two named defendants to take certain official actions, a remedy that federal courts clearly lack the authority to enter." *Id*. at 754–55 (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (holding that federal courts lack the "authority to issue . . . a writ to direct state courts or their judicial officers in the performance of their duties") (internal quotation marks omitted)).

The federal mandamus statute, 28 U.S.C. § 1361, grants the federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, a suit seeking mandamus relief under this provision must name a federal officer or employee as a respondent. *See Rivers v. King*, 23 F. App'x 905, 908 n.4 (10th Cir.

2001) ("[T]his court has no jurisdiction to mandamus state officials because the statutory power to grant such writs is provided only against federal officials."); *see also Amisub (PSL), Inc. v. Colo. Dept. of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361."); *see also Austin v. Dist. Attorney's Office of Northampton Cty.*, 2022 WL 1774129, at *3 (E.D. Pa. 2022) (finding "request for relief that would essentially reopen and redo his closed state criminal proceedings does not seek relief 'in aid of' the Court's jurisdiction") (citation omitted). Plaintiff has not provided any legal authority under which the Court could award the relief he seeks.

The Court also found in the MOSC that Plaintiff is prohibited from seeking relief in this § 1983 action that would entitle him to an immediate or speedier release. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). "*Preiser* forecloses [a plaintiff's] § 1983 claims seeking an injunction ordering his release from prison and a declaratory judgment that his convictions were nullities." *Loggins v. Pilshaw*, 838 F. App'x 323, 327 (10th Cir. 2020) (unpublished) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81, (2005); *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994)). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994). Therefore, any claim challenging his state conviction and sentence is not cognizable in a § 1983 action.

Plaintiff previously brought a habeas action in this Court under 28 U.S.C. § 2254. *See Bryant v. State of Kansas*, Case No. 06-3331-SAC (D. Kan.). Plaintiff sought habeas corpus

relief based on alleged constitutional errors in his Kansas conviction on three charges of first-degree murder. *See id*. at Doc. 2. The Court found that Plaintiff's "2000 convictions became final, for the purpose of starting the one year limitations period pursuant to § 2244(d)(1)(A), in June 2002 upon expiration of the time for seeking certiorari review by the United States Supreme Court." *Id*. at Doc. 2, at 2. The Petition was dismissed as untimely on January 9, 2007. *Id*. at Doc. 4. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Lastly, the Court found in the MOSC that any damages claim made by Plaintiff would be barred by *Heck*. *See Loggins*, 838 F. App'x at 327 (finding that while not every defendant in the case was immune from liability, *Heck* adds an element to the claim that applies to all defendants").[1] In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Heck*, 512 U.S. at 486–87. In *Heck*, the state prisoner claimed that two prosecutors and an investigator engaged in an unlawful investigation and knowingly destroyed evidence that could have proven his innocence. The United States Supreme Court held that

---

[1] Plaintiff names the State of Kansas and the District Attorney as defendants. The State of Kansas enjoys Eleventh Amendment immunity and the prosecutor enjoys prosecutorial immunity. Plaintiff also names the Wichita Police Department as a defendant. This Court has held that municipal police departments are subunits of city government and not legal entities subject to suit. *Roberts v. Unknown Wichita Police Officers*, 2019 WL 1790050, at *2 (D. Kan. April 24, 2019) (citing *Schwab v. Kansas*, 2017 WL 2831508, at *13 (D. Kan. June 30, 2017) (dismissing Riley County Police Department); *Neighbors v. Lawrence Police Dep't*, 2016 WL 3685355, at *6 (D. Kan. July 12, 2016); *Ward v. Lenexa, Kansas Police Dep't*, 2014 WL 1775612, at *4 (D. Kan. May 5, 2014)); *see also Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("City of Denver Police Department" not "separate suable entity").

when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. Plaintiff has not alleged that his conviction or sentence has been invalidated.

Plaintiff claims that exculpatory discovery evidence was withheld in his criminal proceedings. (Doc. 1, at 2.) "[A] *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment." *Skinner v. Switzer*, 562 U.S. 521, 536 (2011) (citing *Strickler v. Greene*, 527 U.S. 263, 296 (1999)); *see also Woodward v. Hodge*, 2016 WL 4528068, at *3 (D. Kan. 2016).

Plaintiff has failed to show good cause why this matter should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated September 18, 2024, in Kansas City, Kansas.**

        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**